**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 05-CR-133-TCK |
| | ) | (09-CV-184-TCK-TLW) |
| CHARLES ALBERT PUDDY, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 18) ("§ 2255 Motion"). The Government has filed a response (Doc. 26), conceding that sentencing for Defendant should be reopened for the reasons asserted in the § 2255 Motion. For the reasons discussed below, the Court finds Defendant is entitled to reopening of his sentence, and Defendant's § 2255 Motion shall be granted for that limited purpose.

**I. Background**

The record reflects that Defendant was convicted of possession of a firearm and ammunition after former conviction of a felony in violation of 18 U.S.C. §§ 922(g)(1) & 924(e). Judgment was entered on February 21, 2006 (Doc. 16). Defendant was sentenced as an Armed Career Criminal based on three prior felony convictions for violent felonies as defined under 18 U.S.C. § 924(e)(2). Specifically, the three predicate offenses which caused Defendant to be classified as an Armed Career Criminal included: (1) a conviction for escape in Tulsa County District Court Case No. CF-94-4069; (2) a conviction for escape in Weld County, Colorado District Court Division 4 Case No. 1998-CR-1192; and (3) a Tulsa county conviction for second-degree burglary. (*See* PSR at ¶¶ 29, 38, & 47.) At the time of his sentencing, Defendant did not object to his classification as an Armed Career Criminal.

The fact that Defendant was classified as an Armed Career Criminal raised his statutory maximum to life imprisonment and resulted in a statutory minimum of fifteen years imprisonment. (*See* PSR ¶ 74; 18 U.S.C. § 924(e)(1).) Defendant's classification as an Armed Career Criminal also raised his offense level under the guidelines to 30 (after a three-point reduction for acceptance of responsibility), resulting in a guideline range of 168-210 months imprisonment. The Court sentenced Defendant to the statutory minimum – namely, 180 months imprisonment. Now before the Court is Defendant's § 2255 Motion.

## II.  Discussion

Defendant seeks to set aside his sentence based on the Supreme Court's decision in *Chambers v. United States*, 555 U.S. 122 (2009), wherein the Court held that certain types of escapes are not violent felonies within the meaning of the Armed Career Criminal Act ("ACCA"). The Government, in response to Defendant's § 2255 Motion, concedes that Defendant is entitled to relief from his sentence pursuant to *Chambers*. (*See* Doc. 26.) According to the Government, neither of Defendant's escape convictions qualify as a "violent felony" under *Chambers*. Without the two escape convictions, Defendant would have only have one predicate offense and the ACCA would not apply. *See* 18 U.S.C. § 924(e)(1) (requiring three (3) previous convictions for a "violent felony" or a "serious drug offense" or both for application of enhanced sentence).

However, Defendant's conviction and sentence were final when *Chambers* was decided. Therefore, Defendant can receive the benefit of *Chambers* only if it is applicable retroactively on collateral review. The Government concedes and the Court agrees that *Chambers* is a substantive holding that applies retroactively on collateral review. *See United States v. Shipp*, 589 F.3d 1084, 1090-91 (10th Cir. 2009) (holding that "the Supreme Court's construction of the ACCA in

*Chambers* applies retroactively"). Therefore, the Court finds that to the extent Defendant seeks reopening of his sentence based on *Chambers*, his § 2255 Motion should be granted.

**III.    Conclusion**

For the reasons stated therein, to the extent Defendant seeks reopening of his sentence based on *Chambers v. United States*, 555 U.S. 122 (2009), his § 2255 Motion (Doc. 18) is GRANTED. The Court further directs the Federal Public Defender to appoint an attorney to represent Defendant in this matter. Resentencing is set for March 15, 2011, at 11:00 a.m.

**DATED THIS 11th day of January, 2011.**

*/s/ Terence C. Kern*

**TERENCE C. KERN**
**UNITED STATES DISTRICT JUDGE**